LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LESLIE DARDON MAZA,
*on behalf of herself and*
*FLSA Collective Plaintiffs,*

       Plaintiff,

  v.

ASADERO LA FOGATA CORP.
and JOHN SITARAS,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, LESLIE DARDON MAZA, (hereinafter, "Plaintiff"), on behalf of herself and FLSA Collective Plaintiffs, by and through her undersigned attorney, hereby files this Complaint against Defendants, ASADERO LA FOGATA CORP. and JOHN SITARAS (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages due to invalid tip credit, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages due to invalid tip credit, (3) unpaid "spread of hours" premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LESLIE DARDON MAZA, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, ASADERO LA FOGATA CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 108-40 Corona Avenue, Corona, New York 11368.

7. Upon information and belief, Defendant, JOHN SITARAS, is the principal of Defendant, ASADERO LA FOGATA CORP. JOHN SITARAS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect

to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

9. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. With respect to a subclass of tipped employees, Defendants were not entitled to any tip credits because they failed to meet statutory requirements under the FLSA. Specifically, Defendants never provided Plaintiff with tip credit notices as required under the New York Labor Law. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

13. On or about January 6, 2017, Plaintiff LESLIE DARDON MAZA, was hired by Defendants and/or their predecessors, as applicable, to work as a waitress for Defendants' restaurant located at 108-40 Corona Avenue, Corona, NY 11368.

14. Plaintiff LESLIE DARDON MAZA worked for Defendants until on or about April 15, 2017.

15. During the employment of Plaintiff LESLIE DARDON MAZA, by Defendants, she worked over forty (40) hours per week. During Plaintiff LESLIE DARDON MAZA's employment by Defendants, she worked shift exceeding ten (10) hours in length every day.

16. Specifically, Plaintiff LESLIE DARDON MAZA worked six (6) days a week: from 2:00 p.m. to 1:00 a.m.; for eleven (11) hours per day, without any lunch break; for a total of sixty-six (66) hours per week. Throughout her entire employment, Plaintiff was never required to clock in or out. Throughout her entire employment, Plaintiff LESLIE DARDON MAZA improperly received her compensation in cash on a fixed salary basis, at a rate of $44.00 per day, regardless of her actual hours worked. However, Plaintiff did not receive any compensation from Defendants for her last week of work. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff LESLIE DARDON MAZA's rights by paying her on a fixed salary basis, in violation of the New

York Labor Law because Plaintiff LESLIE DARDON MAZA is a non-exempt employee who must be paid on an hourly basis.

17. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

18. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other tipped employees.

19. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

20. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during her period of employment with Defendants because she received her entire compensation in cash.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

22. Defendants took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law.

23. Plaintiff retained Lee Litigation Group, PLLC to represent her and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff realleges and reavers Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendant, ASADERO LA FOGATA CORP., had gross revenues in excess of $500,000.

28. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

29. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

30. Plaintiff and other tipped employees worked hours for which they were not paid by Defendants the statutory minimum wage.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and other tipped employees for their hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other tipped employees at the statutory minimum wage when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

44. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

45. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

46. Defendants willfully violated Plaintiff's rights by paying her on a fixed salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

47. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 8, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By: _____/s/ C.K. Lee_____
    C.K. Lee, Esq. (CL 4086)